UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD KORRIE KNIGHT, CDCR #AY-7867,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN & JANE DOES, Counselor & Correc. Officers, Records,<br><br>Defendants. | Case No.: 3:19-cv-01373-LAB-RBM<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

Plaintiff, Donald Korrie Knight, while incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, filed this civil rights action pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Knight seeks hold several unidentified RJD correctional officials liable for damages based on a delayed release date. (*Id.* at 3.)

Knight did not prepay the civil filing fee required by 28 U.S.C. § 1914(a), but has instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

1

## I.    IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S.  __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Knight has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by a trust account official at RJD (ECF No. 3). *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show that while he carried an average monthly balance of $8.40, he had no deposits to his trust account for the 6-months preceding the filing of this action, and an available balance of zero at the time of filing. (*See* ECF No. 3 at 1, 3.)

Therefore, the Court **GRANTS** Knight's Motion to Proceed IFP (ECF No. 2), declines to exact any initial filing fee because his prison certificates indicate he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Knight is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

B. Factual Allegations

Knight offers only vague and conclusory allegations in his Complaint. For example, he claims that on June 5, 2019, he was informed that "three warrants/detainers" had been lodged against him in Los Angeles County, and at that time his "release date was July 1, 2019." (Compl. at 3.) On June 30, 2019, however, he "received a disciplinary report division 'F' (low division) for disobeying a direct order," and his release date was "moved" to July 31, 2019, as a result.[2] (*Id.*) Knight claims this denied him "access to the courts by some persons acting in concert to term[i]nate the detainers," and that "all defendants male and female," are "sued in their individual capacity," for "5 million each," because "courts have found due process violations when prisoners are disciplined without a chance to have a hearing and are punished." (*Id.*)

C. 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person

---

[2] While Knight does not explain more, the Court notes that "[i]f an inmate is approved for release by the Board of Parole Hearings … the [CDCR's] Division of Adult institutions shall release the inmate 60 calendar days from the date of the Board of Parole Hearings' decision *unless the inmate has an additional term to serve for an in-prison offense*." Cal. Code Regs., tit. 15 § 3493 (2019) (emphasis added).

acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

        D.      <u>Doe Pleading & Individual Liability</u>

The Federal Rules of Civil Procedure do not authorize or prohibit the use of fictitious parties, but Rule 10 does require a plaintiff to include the names of all parties in his complaint. *See* Fed. R. Civ. P. 10(a). Courts especially disfavor Doe pleading in an IFP case because in the event the plaintiff's complaint alleges a plausible claim for relief, it is effectively impossible for the United States Marshal or deputy marshal to fulfill his or her duty to serve an unnamed defendant. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant.").

"A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights." *Cuda v. Employees/Contractors/Agents at or OCCC*, 2019 WL 2062945, at *3–4 (D. Haw. May 9, 2019). A plaintiff may also seek discovery to obtain the names of the Does and later amend his pleading in order to substitute the true names of those defendants, unless it is clear that discovery will not uncover their identities, *or that his complaint is subject to dismissal on other grounds*. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (emphasis added) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

Here, Knight claims only that "John & Jane Does," described as "counselors and correctional officers," or "some persons acting in concert to terminate [his] detainers, … punish[ed] [him] without fair procedures." (Compl. at 3.) But his Complaint requires sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) because he makes

no specific allegations against any individual Doe in relation to the due process violations which seemingly form the basis of his suit. Simply put, Knight fails to link any particular constitutional violation to any specific, individual state actor, and he fails to even minimally explain how each individual Doe party he seeks to sue for "five million [dollars] each" personally caused a violation of his constitutional rights. *See* Compl., at 3; *Iqbal*, 556 U.S. at 677. "A plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim."). As it stands, Knight's Complaint fails to plead [the] factual content that [would] allow[] the court to draw the reasonable inference that [any] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Pursuant to § 1983, Knight must, at minimum, allege some factual content to describe how each individual person he seeks to sue violated the Constitution. *Id.* at 676-77; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). He may not attribute liability to a group of unidentified defendants as he has, but must "set forth specific facts" as to each individual defendant's wrong. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability may not be based on a theory of respondeat superior, as each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 676-77; *Ewing*, 588 F.3d at 1235. Therefore, to the extent Knight contends a "Captain and Lt. did nothing to pro[t]ect [his] constitutional rights," *see* Compl. at 3, he also fails to state a claims upon which § 1983 relief can be granted because supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1074–75 (9th Cir. 2013).

///

///

For these reasons alone, Knight's Complaint must be dismissed sua sponte for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

E. Leave to Amend

A prisoner's claim for damages resulting from an excessive term of custody could potentially form the basis of a section 1983 suit. *See Haygood v. Younger*, 769 F.2d 1350, 1359 (9th Cir. 1985). "Detention beyond the termination of a sentence could constitute cruel and unusual punishment [in violation of the Eighth Amendment] if it is the result of 'deliberate indifference' to the prisoner's liberty interest; otherwise, such detention can be held to be unconstitutional only if it violates due process." *Id.* at 1354 (internal citations omitted); *see also Wahl v. Sutton*, 2019 WL 4201426, at *3 (E.D. Cal. Sept. 5, 2019).[3]

Thus, in light of Knight's pro se status, the Court grants him leave to amend his pleading to sufficiently allege such a claim, *against those defendants he is able to identify by name*, if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

---

[3] However, "[i]t is not every erroneous administration of state law that results in a denial of due process." *Haygood*, 769 F.2d at 1357. "A wrongful detention can ripen into a due process violation if 'it was or should have been known [by the defendant] that the [plaintiff] was entitled to release.'" *Gant v. Cty. of Los Angeles*, 772 F.3d 608, 620 (9th Cir. 2014) (quotations omitted; alterations in original). "Cases holding that an incarceration violated the Due Process Clause because defendants should have known the plaintiff was entitled to release fit at least one of two categories: (1) the circumstances indicated to the defendants that further investigation was warranted, or (2) the defendants denied the plaintiff access to the courts for an extended period of time." *Id.* at 621 (quotation omitted); *see also Foster v. Div. of Adult Parole Operations*, 2019 WL 4058582, at *4 (E.D. Cal. Aug. 28, 2019).

### III. Conclusion and Orders

For all the reasons discussed, the Court:

1. **GRANTS** Knight's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Knight's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST CLEARLY IDENTIFY THE NAME AND CASE NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Knight's Complaint in its entirety for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and **GRANTS** him 45 days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Knight's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Knight fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage

of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  October 9, 2019

Hon. Larry Alan Burns
Chief United States District Judge