UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD KORRIE KNIGHT, CDCR #AY-7867,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN & JANE DOES, Counselor & Correc. Officers, Records,<br><br>Defendants. | Case No. 3:19-cv-01373-LAB-RBM<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

Plaintiff Donald Korrie Knight, while incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Knight sought to hold several unidentified RJD correctional officials liable for damages based on his delayed release date. (*Id.* at 3.)

**I.  Procedural History**

On October 9, 2019, the Court granted Knight leave to proceed in forma pauperis, but dismissed his Complaint for failing to state any claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). (*See* ECF No. 5.) Knight was informed of his various pleading deficiencies, and granted 45 days leave in which to

1

file an Amended Complaint that fixed them. (*Id.* at 4–8.) Knight was also warned his failure to amend would result in the dismissal of his case. (*Id.* at 8–9, *citing Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

Almost two full months have passed since the Court's October 9, 2019 Order, and Knight's Amended Complaint was due on or before November 25, 2019.[1] But to date, Knight has failed to file an Amended Complaint, and has not requested an extension of time in which to do so.[2] "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Knight's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's October 9, 2019 Order (ECF No. 5).

///

---

[1] Because the 45 day period for amendment elapsed on November 23, 2019, which fell on a Saturday, Knight had until Monday, November 25, 2019, to comply with the Court's October 9, 2019 Order. *See* Fed. R. Civ. P. 6(a)(1)(C).

[2] In fact, the Court's October 9, 2019 Order was returned undeliverable by the U.S. Post Office on October 24, 2019 (ECF No. 6), and Knight has filed nothing since. It appears he is no longer in the custody of the California Department of Corrections and Rehabilitation. *See* https://inmatelocator.cdcr.ca.gov/Results.aspx (last visited Dec. 2, 2019). The Local Rules of this Court provide that "[a] party proceeding pro se must keep the court and opposing parties advised as to current address." *See* S.D. Cal. CivLR 83.11.b.

1  The Court further **CERTIFIES** that an IFP appeal would not be taken in good
2  faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final
3  judgment of dismissal and close the file.
4  **IT IS SO ORDERED**.

Dated: December 5, 2019

                                      Hon. Larry Alan Burns
                                      Chief United States District Judge